IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROTECH GROUP ASIA, LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>NETWORK SCRAP METAL, et al.,<br><br>    Defendants / | No. C-09-5597 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE** |

    Before the Court is plaintiff Protech Group Asia, Limited's ("PGA") complaint, filed November 25, 2009. In its complaint, PGA asserts claims arising from an alleged breach of contract and related torts pertaining to an agreement between PGA, a citizen of Hong Kong, and Network Scrap Metal ("Network Scrap"), a citizen of Florida. Specifically, PGA alleges it was fraudulently induced into entering a contractual relationship with Network Scrap, which entity subsequently breached the agreement and posted libelous statements about PGA on its website. PGA additionally alleges that the district court has diversity jurisdiction over the instant action.

    "A civil action wherein jurisdiction is founded only on diversity of citizenship" may only be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

1 subject of the action is situated, or (3) a judicial district in which any defendant is subject to
2 subject jurisdiction at the time the action is commenced, if there is no district in which the
3 action may otherwise br brought." <u>See</u> 28 U.S.C. § 1391(a).

4     It appears from the Court's review of the complaint that venue is improper in this
5 District.

6     First, although in support of venue, PGA alleges defendants Glomax Resource
7 Group ("Glomax") and Edmond Yu ("Yu"), the owner of Glomax, both reside in the Northern
8 District of California, none of the other nine defendants, according to PGA, resides in
9 California.

10     Second, although PGA's fraudulent inducement claim is alleged to be based in part
11 on false statements by Yu, specifically, Yu's statements that Glomax "was intimately
12 familiar with the business practices of Network Scrap" and that "Network Scrap was a
13 large, reputable, and established company in the United States" (<u>see</u> Compl. ¶ 45), PGA
14 fails to allege that either of such statements was made in this District.  Further, even
15 assuming the above-referenced statements were made in this District, PGA, by their own
16 allegations, appears not to have relied on them to any significant extent.  In particular, PGA
17 alleges that "[u]pon further inquiry from PGA," and before PGA entered into the subject
18 contract with Network Scrap, "Yu and Glomax admitted that they had never in fact done
19 direct business with Network Scrap."  (<u>See</u> Compl. ¶¶ 46, 49.)  By contrast, according to
20 PGA, materially false statements concerning Network Scrap, on which PGA did rely, were
21 made by defendants who are citizens of Canada, Florida, and Arizona[1] (<u>see</u> Compl. ¶¶ 46-
22 48); there is no allegation that any such statement was made in this District.
23 Consequently, to the extent Yu's alleged false statements may in some manner constitute
24 part of the events giving rise to PGA's claims, the complaint fails to include sufficient facts
25 to support a finding that a "substantial part of the events" giving rise to those claims

---

27     [1]The documentation on which PGA relies for its allegation of Arizona citizenship
28 appears, however, to set forth an Arkansas address.  (<u>See</u> Compl. Ex. F (referencing "Fayetteville, AR").)

occurred in this District.

Finally, it appears there is another district in which the action may be brought, specifically, the Middle District of Florida, where Network Scrap Metal allegedly resides, and where a substantial part of the events giving rise to the instant action occurred, specifically, the alleged breach of contract by Network Scrap and the alleged posting by Network Scrap of libelous matter on its website.

Accordingly, PGA is hereby ORDERED TO SHOW CAUSE, no later than January 15, 2010, and in writing not to exceed five pages in length, why the instant action should not be dismissed without prejudice based on improper venue, or, in the alternative, transferred to the Middle District of Florida. See 28 U.S.C. § 1406(a) (providing district court has discretion to dismiss or transfer "case laying venue in the wrong . . . district"); Costlow v. Weeks, 790 F. 2d 1486, 1488 (9th Cir. 1986) (holding district court has authority to raise the issue of defective venue on its own motion).

**IT IS SO ORDERED.**

Dated:  December 29, 2009

_____
MAXINE M. CHESNEY
United States District Judge