IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PROTECH GROUP ASIA, LIMITED,

    Plaintiff,

  v.

NETWORK SCRAP METAL, et al.,

    Defendants
                                                    /

No. C-09-5597 MMC

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

      Before the Court is plaintiff Protech Group Asia, Limited's ("PGA") Statement, filed January 19, 2010 in response to the Court's order of December 29, 2009, by which order the Court directed PGA to show cause why the instant action should not be dismissed or transferred for improper venue.

      In the instant action, PGA asserts claims arising from an alleged breach of contract and related torts pertaining to an agreement between PGA, a citizen of Hong Kong, and Network Scrap Metal Corporation ("Network Scrap"), a Florida corporation with its principal place of business in Florida. Specifically, PGA alleges it was fraudulently induced into entering a contractual relationship with Network Scrap, which entity subsequently breached the agreement and posted libelous statements about PGA on its website.

      PGA alleges the district court has diversity jurisdiction over the instant action. Venue in a diversity action is governed by 28 U.S.C. § 1391(a), which provides as follows:

1  "A civil action wherein jurisdiction is founded only on diversity of citizenship" may only be
2  brought in "(1) a judicial district where any defendant resides, if all defendants reside in the
3  same State, (2) a judicial district in which a substantial part of the events or omissions
4  giving rise to the claim occurred, or a substantial part of property that is the subject of the
5  action is situated, or (3) a judicial district in which any defendant is subject to subject
6  jurisdiction at the time the action is commenced, if there is no district in which the action
7  may otherwise br brought."  See 28 U.S.C. § 1391(a).

       In its order filed December 29, 2009, the Court set forth its concerns with respect to the propriety of laying venue in the Northern District of California, under any of the above-referenced subsections.  First, the Court stated that venue under § 1391(a)(1) appeared improper, because all defendants do not reside in California.  Second, the Court observed that venue under § 1391(a)(2) appeared improper, because a substantial part of the events and omissions giving rise to PGA's claims did not occur in the Northern District of California.  Third, the Court noted that venue under § 1391(a)(3) appeared improper because, although two defendants allegedly reside in this district, the action could have been brought in Florida, a district in which a substantial part of the events and omissions giving rise to PGA's claims occurred.

       In its Statement, PGA does not assert venue is proper in the Northern District of California under either § 1391(a)(1) or § 1391(a)(2).  Rather, PGA argues, venue is proper in this district under § 1391(a)(3), on the theory that a substantial part of the events giving rise to its claims occurred in New York, and that, according to PGA, the instant action cannot be brought in New York because no defendant resides in New York.  Specifically, PGA states that defendant Samuel W. Miller ("Miller") a Florida resident who is the Chief Executive Officer of Network Scrap, directed PGA to deposit funds owed to Network Scrap into a bank account owned by Miller, which account was held in a bank located in New York.

       Assuming, arguendo, a substantial part of the events giving rise to PGA's claims occurred in New York, and further assuming the instant action could not have been brought

in New York, such showing does not assist PGA, for the reason that PGA has failed to argue, let alone show, it could not bring the instant action in Florida.  In particular, PGA has not shown that a substantial part of the events giving rise to its claims did not arise in Florida.  <u>See</u> 28 U.S.C. § 1391(a)(2) (providing venue in diversity action proper in district where substantial part of events on which claims are based occurred).  As discussed in the Court's December 29, 2009 order, a substantial part of the events on which PGA's claims rely are alleged to have occurred in Florida.  Specifically, PGA's complaint alleges that defendant Network Scrap, the party assertedly in breach of the contract at issue herein and which is alleged to have posted libelous matter about PGA on its webpage, is "headquartered" in Florida.  (<u>See</u> Compl. ¶ 18.)  Further, according to the complaint and exhibits attached thereto, Network Scrap acted at all times through Miller, a Florida resident.  (<u>See</u> Compl. ¶¶ 3, 61, 80, Exs. C, D, E.)  Moreover, according to the complaint, defendant Forestille Holdings, LLC, which has its "address of record" in Florida (<u>see</u> Compl. ¶ 4) and which is "headquartered" in Florida (<u>see</u> Compl. ¶ 18), also posted libelous material about PGA on a website (<u>see</u> Compl. ¶ 61).

Accordingly, PGA has failed to show venue is proper in the Northern District of California under 28 U.S.C. § 1391(a)(3) or otherwise.

In its December 29, 2009 order, the Court directed PGA to show cause why the instant action should not be dismissed or transferred to the Middle District of Florida. Because PGA has not requested transfer in the event of a finding of improper venue, the Court will dismiss the instant action without prejudice.

Accordingly, the instant action is hereby DISMISSED pursuant to 28 U.S.C. § 1406(a), without prejudice to PGA's refiling the action in an appropriate district or other forum.

**IT IS SO ORDERED.**

Dated: January 21, 2010

MAXINE M. CHESNEY
United States District Judge